IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCOS ANTHONY CHAVEZ, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>RANDALL WORKMAN, Warden; )<br>ATTORNEY GENERAL OF THE )<br>STATE OF OKLAHOMA, )<br>)<br>Respondents. ) | Case No. 05-CV-554-HDC-PJC |

### OPINION AND ORDER

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 9). Petitioner, a state inmate appearing *pro se*, did not file a response to the motion to dismiss.[1] Instead, Petitioner requested that this matter be dismissed without prejudice (Dkt. # 11) while he "seeks to request the United States Court of Appeals for the Tenth Circuit for permission to proceed pursuant to 28 U.S.C. § 2244(B)(i)(ii)." By Order filed December 20, 2005 (Dkt. # 13), the Court denied Petitioner's motion to dismiss without prejudice and explained that the provisions of § 2244(b) (restricting consideration of claims raised in second or successive petitions) do not apply to this petition since it is Petitioner's first federal petition for writ of habeas corpus. The Court also directed that unless Petitioner filed a response to the motion to dismiss demonstrating why this matter should not be dismissed as untimely filed, the Court would deem the Respondent's motion confessed and enter the relief requested. See Dkt. # 13. Petitioner then filed a "motion to stay" (Dkt. # 14), stating that he had requested a Certificate of Appealability

---

[1] By Order filed September 29, 2005 (Dkt. # 5), the Court advised Petitioner that pursuant to the Court's Local Rules, "[i]f Respondent files a motion to dismiss, Petitioner has eighteen (18) days from the filing date of the motion to respond. Failure to respond, after notice to Petitioner, may result in the automatic dismissal of this action."

from the Tenth Circuit. On January 9, 2006, Petitioner filed a notice to the Court (Dkt. # 15) indicating his desire for this matter to proceed. Petitioner never filed response to the motion to dismiss as ordered by the Court.

Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the petition was not timely filed and Respondent's motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice. Petitioner's motion to stay shall be declared moot.

## *BACKGROUND*

On July 27, 1999, Petitioner was convicted on his blind plea of guilty to Injury to Minor Child in Tulsa County District Court, Case No. CF-1999-2387. See Dkt. # 2, attached order denying application for post-conviction relief at 2. Upon entry of his guilty plea, he waived a pre-sentence investigation and requested immediate sentencing. Id. However, the State requested a pre-sentence investigation. On September 23, 1999, the state district court received the pre-sentence investigation and held a hearing in aggravation. Id. The State presented the sworn testimony of Dr. Laura Taylor, the physician providing treatment to Petitioner's injured infant son.[2] The state district court also permitted Petitioner to make a statement on the record. Id. At the conclusion of the hearing, the trial court sentenced Petitioner to life imprisonment, a $10,000 Victims Compensation Assessment and a $5,000 fine. Id. Despite being advised of his appeal rights, Petitioner did not file a motion to withdraw plea and did not otherwise perfect an appeal to the Oklahoma Court of Criminal

---

[2]In his supporting brief (Dkt. # 2), Petitioner indicates that his infant son was injured on May 7, 1999. Petitioner was arrested and charged with Injury to a Minor on May 14, 1999. According to Petitioner, his son died on February 2, 2000, and was diagnosed with "remote subdural hemorrhage and acute bronchopneumonia due to remote blunt trauma to the head." (Dkt. # 2 at 3).

2

Appeals ("OCCA"). Id.

The record reflects that Petitioner made no effort to challenge his conviction and sentence until February 14, 2005.[3] The docket sheet for Case No. CF-1999-2387 reflects that on that date, or more than five (5) years after being sentenced, Petitioner filed an application for post-conviction relief and/or an appeal out of time. See Dkt. # 10, Ex. A. By order filed March 11, 2005, the request for post-conviction relief was denied. See id.; Dkt. # 2, attached order denying post-conviction relief. Petitioner filed a post-conviction appeal in the OCCA, and by order filed May 17, 2005, in Case No. PC-2005-282, the OCCA affirmed the district court's denial of post-conviction relief. See Dkt. # 10, Ex. B; Dkt. # 2, attached order affirming the denial of post-conviction relief.

Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1) on September 23, 2005. He also filed a supporting brief (Dkt. # 2).

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or

---

[3] Petitioner filed a motion for documents at public expense in the state district court on May 28, 2002. By order filed July 15, 2002, the motion was denied. See Dkt. # 10, Ex. A.

>    claims presented could have been discovered through the exercise of due diligence.
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his guilty plea in Case No. CF-1999-2387, his conviction became final, for purposes of § 2244(d)(1)(A), ten (10) days after pronouncement of his Judgment and Sentence, or on October 3, 1999. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his conviction, including the claims raised in the instant petition, began to run on October 3, 1999, and, absent a tolling event, a federal petition for writ of habeas corpus filed after October 3, 2000, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro v.

Boone, 150 F.3d 1223, 1226 (10th Cir. 1998), Petitioner did not seek post-conviction relief or other collateral relief during the relevant period.[4] Petitioner's application for post-conviction relief was filed February 14, 2005, or more than five (5) years after his conviction became final, and more than four (4) years beyond the October 3, 2000, deadline for filing a timely petition for writ of habeas corpus. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the one-year period. Therefore, Petitioner's petition, filed September 23, 2005, appears to be untimely.

The Court recognizes that Petitioner alleges in his petition that he "has discovered information that was not available at the time of his sentencing involving injury to his infant regarding the use of a product that was and is verifiably defective and the manufacturer has placed a recall upon it," but that "counsel failed to investigate or inquire of expert witnesses regarding the injuries to child." See Dkt. # 1, statement of facts in support of Ground Four. However, Petitioner fails to state specifically when he discovered this factual predicate. He does not even discuss the allegedly defective product in his supporting brief. See Dkt. # 2. As indicated above, he never filed a response to Respondent's motion to dismiss. This is simply insufficient to satisfy Petitioner's burden of demonstrating why the AEDPA statute of limitations has not expired. See Barrett v. Patrick, 2006 WL 2077019 (W.D. Pa. July 24, 2006) (unpublished opinion cited pursuant to 10th

---

[4]The Court notes that Petitioner's motion for documents at public expense, filed May 28, 2002, was filed after the limitations period had expired on October 3, 2000. Even had the motion been filed during the limitations period, Petitioner would not be entitled to tolling because a motion for transcripts is not a collateral proceeding which would result in the tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2). May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003).

Cir. R. 36.3(B) for persuasive value) (stating that "[i]t is appropriate to place at least some burden of pleading and production on a habeas petitioner to show that the date for the running of the AEDPA limitations period should start from . . . the date on which a factual predicate could first have been discovered [because] . . . it would seem that such information is more peculiarly within the party asserting/arguing the existence of such . . . factual predicate, i.e., the habeas petitioner"); Caldwell v. Wilson, 2005 WL 3447908 (W.D. Pa. Oct. 28, 2005) (unpublished opinion cited pursuant to 10th Cir. R. 36.3(B) for persuasive value) (holding that "once a habeas petitioner has been put on notice of the affirmative defense of AEDPA's statute of limitations, he bears the burden of demonstrating why the date for the start of AEDPA's limitations period is other than the date the conviction became final or some other reason why the statute of limitations has not run").

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). The record before the Court demonstrates that Petitioner did not diligently pursue his claims. After being sentenced on September 23, 1999, Petitioner first presented his claims to the state courts by way of his application for post-conviction relief filed February 14, 2005. Petitioner has failed to demonstrate that his inability to file his habeas petition within the one-year period was due to circumstances beyond his control. Gibson, 232 F.3d at 808. In his petition, Petitioner claims that he "was unaware of the laws regarding appeal at the time of sentencing" and that his "ability to appeal this case Pro Se was accomplished by self-education and the learning of legal and medical information pertinent and unknown to Petitioner at

the time of sentencing. . . ." (Dkt. # 1). However, ignorance of the law does not provide a basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'") (citations omitted). As a result, the Court finds Petitioner is not entitled to equitable tolling of the limitations period. See Miller, 141 F.3d at 978.

This action is time-barred. Respondent's motion to dismiss shall be granted and Petitioner's petition for writ of habeas corpus shall be dismissed with prejudice. Petitioner's motion to stay shall be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. Petitioner's "motion to stay" (Dkt. # 14) is **declared moot**.

4. A separate Judgment shall be entered in this case.

SO ORDERED THIS 4th day of August, 2006.

_(signature)_
HONORABLE H. DALE COOK
Senior United States District Judge